1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC WILLIAMS,

11              Plaintiff,                No. CIV S-06-2188 MCE DAD P

12        vs.

13   JEANNE WOODFORD,

14              Defendant.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $3.92 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5  full.  See 28 U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

23  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

2

1    accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital</u>

2    <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

3    plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421

4    (1969).

5           The Civil Rights Act under which this action was filed provides as follows:

6                  Every person who, under color of [state law] . . . subjects, or causes
                   to be subjected, any citizen of the United States . . . to the
7                  deprivation of any rights, privileges, or immunities secured by the
                   Constitution . . . shall be liable to the party injured in an action at
8                  law, suit in equity, or other proper proceeding for redress.

9    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14   omits to perform an act which he is legally required to do that causes the deprivation of which

15   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16          Moreover, supervisory personnel are generally not liable under § 1983 for the

17   actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named

18   defendant holds a supervisorial position, the causal link between him and the claimed

19   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

20   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

21   allegations concerning the involvement of official personnel in civil rights violations are not

22   sufficient.  <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23          In the present case, plaintiff has named Jeanne Woodford as the defendant in this

24   action.  Plaintiff alleges that, on February 22, 2005, while he was housed at California Medical

25   Facility ("CMF"), his cell-mate poisoned him, possibly with the help of a correctional officer.

26   Plaintiff alleges that he was taken to the emergency room at CMF several times within the

1   following three days and that on his final visit, the doctor determined that CMF's resources were

2   inadequate and referred him to an outside community hospital for treatment.  Plaintiff alleges that

3   the doctor at the community hospital conducted numerous tests and advised him that he had

4   contracted an extremely rare bacterial infection.  Plaintiff alleges that Correctional Officer Web

5   told plaintiff that he would write a report about the poisoning but plaintiff has never seen such a

6   report.

7            Plaintiff also claims that, while he was housed at the California Men's Colony and

8   R.J. Donovan Correctional Facility, he experienced similar trouble with other inmates.  In this

9   regard, he alleges that he was forced into numerous physical altercations, in some instances for

10  no apparent reason.  Plaintiff concludes that the lapse in security at his place of confinement put

11  his personal safety at risk in violation of the Eighth Amendment.  Plaintiff seeks a permanent

12  injunction requiring defendant Woodford to provide him with safe conditions of confinement.

13           The allegations in plaintiff's complaint are so vague and conclusory that the court

14  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

15  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

16  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

17  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

18  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

19  with at least some degree of particularity overt acts which defendants engaged in that support his

20  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

21  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

22  amended complaint.

23           If plaintiff chooses to file an amended complaint, he must demonstrate how the

24  conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory

25  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must allege in

26  specific terms how defendant Woodford was involved in the deprivation of his rights.  There can

4

1  be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

2  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

3  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

4  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

5  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6         To the extent that plaintiff is attempting to pursue a claim that prison officials

7  failed to protect him, plaintiff is advised that the U.S. Supreme Court has held that a prison

8  official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of

9  serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer

10  v. Brennan, 511 U.S. 825, 847 (1994).  Under this standard, a prison official must have a

11  "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or

12  safety.  Id. at 834.

13         Plaintiff is informed that the court cannot refer to a prior pleading in order to

14  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This is because, as a

16  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20                                    **CONCLUSION**

21         Accordingly, IT IS HEREBY ORDERED that:

22         1.  Plaintiff's October 3, 2006 application to proceed in forma pauperis is granted.

23         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

24  Plaintiff is assessed an initial partial filing fee of $3.92.  All fees shall be collected and paid in

25  accordance with this court's order to the Director of the California Department of Corrections

26  and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: March 13, 2008.

Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2188.14

6